PHILIP FREEMAN CO., INC. *v.* UNITED STATES

No. 4573.—Invoices dated Morchenstern, Czechoslovakia, February 8, 1936, etc.
Certified February 10, 1936, etc.
Entered at New York February 21, 1936, etc.
Entry No. 24533, etc.

(Decided May 18, 1939)

*Sharretts & Hillis* (*Arthur Tallman* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

SULLIVAN, Judge: This issue was presented to me in the case of reappraisement 113101–A, Reap. Dec. 4473. Said record was incorporated in the case at bar. In addition to the testimony of Mr. Freeman, the only evidence offered by the defendant at this hearing was an affidavit by an officer of the Cambridge Glass Co. of Cambridge, Ohio. I do not find that the said affidavit overcomes the facts as set forth in the previous record (reappraisement 113101–A) and the oral testimony of Mr. Freeman.

Following the decision in reappraisement 113101–A, Reap. Dec. 4473, and on the facts, I find the export value as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values on the dates of shipment are as follows:

As to the U-drops, the appraised values, less the additions made by the importer on entry to meet the advances made by the appraiser.

As to the prisms, I find the proper dutiable values to be the values found by the appraiser. Judgment will be rendered accordingly.